UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAVON D. PITCHFORD,

      Petitioner,

v.

ERIC JACKSON,

      Respondent.

Case No. 2:18-CV-347-RAJ-BAT

**REPORT AND RECOMMENDATION**

  Javon D. Pitchford is a state prisoner currently incarcerated at the Monroe Correctional Complex-Twin Rivers. On March 7, 2018, he filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2010 King County Superior Court conviction by jury verdict of rape in the first degree with a deadly weapon enhancement. Dkt. 1. Mr. Pitchford raises five grounds for federal habeas relief:  (1) the trial court coerced the jury into a guilty verdict, (2) trial counsel was ineffective, (3) the trial court gave an invalid jury instruction, (4) there was insufficient evidence to convict, and (5) *State v. W.R.,* 181 Wn.2d 757 (2014) is new law supporting relief. *See* Dkt. 1.

  The Court reviewed the habeas petition and concluded it was barred by the federal statute of limitations. In his habeas petition, Mr. Pitchford contends his petition is timely on the grounds that his second state personal restraint petition (PRP) tolled the federal statute limitations, and

REPORT AND RECOMMENDATION - 1

*State v. W.R.* is new law that supports relief. He is incorrect. As discussed below, when Mr. Pitchford filed the second PRP, the time by which he was required to file a federal habeas petition had already lapsed. Additionally, *State v. W.R* is a state decision, not a decision of the United States Supreme Court. The decision is therefore is not new law upon which a federal habeas petitioner may rely to overcome the federal statute of limitations.

Under Habeas Rule 4, the Court should dismiss a habeas petition if it plainly appears from the petition and attached exhibits that the petitioner is not entitled to relief. Because Mr. Pitchford proceeds *pro se*, the Court granted him leave to show cause no later than April 6, 2018, why the habeas petition should not be dismissed. Dkt. 2. The Court also advised Mr. Pitchford that failure to respond by that date or to show cause would result in a recommendation that the habeas petition be dismissed with prejudice. *Id*. Mr. Pitchford has not responded to the order to show cause. Accordingly for the reasons below, the Court recommends the habeas petition be denied and the case dismissed with prejudice. The Court also recommends a certificate of appealability not be issued.

## BACKGROUND

A.   **State Court Procedural History**

Mr. Pitchford was convicted of rape in the first degree with a firearms enhancement in King County Superior Court, and sentenced on April 4, 2010. Dkt. 1 at 1. He appealed the conviction to the Washington Court of Appeals. *Id*. at 2. On March 19, 2012, the Washington Court of Appeals affirmed the rape conviction, vacated the firearms enhancement, and remanded the case for resentencing. *State v. Pitchford*, No. 65176-5-I, 2012 WL 975673 at *1 (Wash. July 11, 2012). Mr. Pitchford sought review and on July 11, 2012, the Washington Supreme Court remanded the case for consideration of the impact of *State v. Guzman Nunez*, 174 Wash.2d 707

REPORT AND RECOMMENDATION - 2

(2012). *State v. Pitchford,* 174 Wash. 2d 1012 (2012). Based upon *Guzman Nunez,* the Washington Court of Appeals affirmed Mr. Pitchford's sentence on August 20, 2012.

On July 15, 2013, Mr. Pitchford filed his first PRP in the Washington Court of Appeals. Dkt. 1 at 3 (case no. 706748). The Court of Appeals denied the PRP on November 13, 2013; the Washington Supreme Court denied review on August 4, 2014. Dkt. 1 at 11.

On October 27, 2015, Mr. Pitchford filed a second PRP in the Washington Court of Appeals. Dkt. 1 at 4. The Court of Appeals denied the PRP on March 8, 2016. Dkt. 1 at 12. The Washington Supreme Court denied review on December 14, 2016, and denied Mr. Pitchford's motions to modify on March 24, 2017. *Id.*

## DISCUSSION

**A.     The Federal Statute of Limitations, 28 U.S.C. § 2244(d)**

Federal habeas corpus petitions filed by persons imprisoned under a state court judgment are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).

For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes and the judgment becomes final either upon the expiration of the time for filing a petition for writ of certiorari with the Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). When there is no direct review

REPORT AND RECOMMENDATION - 3

or the direct review process terminates prior to reaching the state's highest court, however, the judgment becomes final on an earlier date. *Gonzalez v. Thaler*, 132 S. Ct. 641, 652-56 (2012); *Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001). If the intermediate appellate court affirms the judgment and sentence on direct appeal, and the petitioner does not timely seek review by the state supreme court, the direct review process concludes upon expiration of time for seeking review by the state supreme court and the judgment becomes final on that date. *Gonzalez*, 132 S. Ct. at 653-54.

Mr. Pitchford appealed from his judgment and sentence to the Washington Court of Appeals. The Washington Supreme Court granted review and remanded the case back to the Washington Court of Appeals which affirmed the judgment and sentence on August 20, 2012. Generally, a conviction becomes "final" when the 90-day period for filing a petition for *certiorari* to the Supreme Court expires. *See United States v. Garcia*, 210 F.3d 1058, 1060 (9th Cir. 2000). Accordingly, although the Court of Appeals affirmed Mr. Pitchford's conviction on August 20, 2012, his judgment did not became final for purposes of calculating the habeas statute of limitations until November 18, 2012.

The statute of limitations accordingly started to run on November 18, 2012, and ran for 239 days until Mr. Pitchford filed his first PRP in the Washington Court of Appeals in case number 706748, on July 15, 2013. The statute of limitations is tolled while a properly filed post-conviction, collateral challenge is pending in state court. *See* 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4 (2000); *Pace v. DiGuglielmo,* 544 U.S. 408 (2005). Assuming Mr. Pitchford's first PRP was properly filed, it tolled the statute of limitations until August 4, 2014, when the Washington Supreme Court denied review.

REPORT AND RECOMMENDATION - 4

The statute of limitations started to run again, and ran for 449 days until at least October 27, 2015, when Mr. Pitchford filed his second PRP. As the second PRP was filed after the statute of limitations had already expired it did not "toll" or revive the federal statute of limitations because it had already expired. In short, by the time Mr. Pitchford filed his second PRP the statute of limitations had long expired. The Court also notes the Court of Appeals denied the second PRP on March 8, 2016. Dkt. 1 at 12. The Washington Supreme Court denied review on December 14, 2016, and denied Mr. Pitchford's motions to modify on March 24, 2017. *Id.*

Even if the time during which both the first and second PRP were pending is not counted against the statute of limitations, the statute ran 239 days from November 18, 2012, to July 15, 2013 when the first PRP was filed, and another 348 days from the time the second PRP was concluded until the time the instant habeas petition was filed. Hence a total of 587 days elapsed before the federal habeas petition was filed. Accordingly, Mr. Pitchford's federal habeas petition, which was filed on March 7, 2018, is untimely and should be dismissed.

**B.    Equitable Tolling**

Although Mr. Pritchard's federal habeas petition is untimely, the federal statute of limitations may be equitably tolled if the petitioner shows "'(1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). A simple "miscalculation" of the statutory deadline is not a sufficient basis for demonstrating equitable tolling. *Id*. at 2564. To obtain equitable tolling, extraordinary circumstances beyond a petitioner's control must have prevented the petitioner from filing a federal petition on time. *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc); *Gaston v. Palmer*, 387 F.3d 1004, 1008 (9th Cir. 2004); *Laws v. Lamarque*, 351 F.3d 919, 923-24 (9th Cir. 2003).

REPORT AND RECOMMENDATION - 5

Equitable tolling is appropriate only where external forces, rather than the petitioner's lack of diligence, account for the failure to file a timely petition. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). The threshold necessary to obtain equitable tolling is thus very high, and the petitioner bears a heavy burden to obtain tolling. *Miranda v. Castro*, 292 F.3d 1063, 1065-66 (9th Cir. 2002).

Here, Mr. Pitchford knew since August 20, 2012, that the Washington Court of Appeals had affirmed his conviction and sentence on direct review. The federal habeas claims he presents to this Court are claims that he knew about and in fact raised on direct review. *See State v. Pitchford*, No. 65176-5-I, 2012 WL 975673 at *1 ("He contends the court coerced the jury into its guilty verdict, and that he was deprived effective assistance of counsel. He further contends the jury instructions concerning the special verdict violated his constitutional rights to jury unanimity and the state thus failed to prove his criminal history at sentencing."). The record thus shows Mr. Pitchford knew about the factual and legal grounds for his claims and could have filed a federal habeas corpus petition within the federal statute of limitations but did not. Although Mr. Pitchford may have miscalculated the deadlines for expiration of the statute of limitations, such miscalculations is not a basis for equitable tolling.

The Court notes Mr. Pitchford contends *State v. W.R.,* is new law that allows him to file a federal habeas petition outside the statute of limitations. The argument fails because *W.R.* is a state decision and state law does not govern the federal habeas statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The federal statute of limitations may be extended only where there is a newly recognized constitutional right that is recognized by the United States Supreme Court and which the Supreme Court makes retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). The decision in *State v. W.R.* does not meet these requirements. First the holding

REPORT AND RECOMMENDATION - 6

in *State v. W.R.* does not rest on a new rule of federal constitutional law, but relies on federal precedent that is almost thirty years old – long before Mr. Pitchford's conviction became final. *State v. W.R.*, at 761-63. The decision therefore does not constitute a new rule of law. Second the *W.R.* decision is not a decision of the United States Supreme Court, and not one that the Court made retroactive to cases on collateral review.

In sum, because Mr. Pitchford filed his federal habeas petition outside of the § 2254 statute of limitations period and is not entitled to equitable tolling of the limitations period, his petition is time-barred and should be dismissed under 28 U.S.C. § 2244(d)(1).

## C.  Certificate of Appealability

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Mr. Pitchford is not entitled to a certificate of appealability in this matter.

## CONCLUSION

For the foregoing reasons, this Court recommends that Mr. Pitchford's federal habeas petition be dismissed with prejudice pursuant to 28 U.S.C. § 2244(d)(1). The Court further recommends that a certificate of appealability be denied. A proposed order and judgment accompany this Report and Recommendation

REPORT AND RECOMMENDATION - 7

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **April 24, 2018.** The Clerk should note the matter for **April 27, 2018**, as ready for the District Judge's consideration. Objections shall not exceed 8 pages. The failure to timely object may affect the right to appeal.

DATED this 10th day of April, 2018.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8